**ROBERT F. WILSON, INC., Plaintiff,**

v.

**BATSON COOK COMPANY, Defendant,**

v.

**PEACOCK AND LEWIS ARCHITECTS AND PLANNERS, INC., et al., Third-party Defendants.**

No. 83–8556–CIV.

United States District Court, S.D. Florida, N.D.

July 12, 1988.

Peter L. Agovino, Berman, Paley, Goldstein & Berman, New York City, Alan Brandt, Chappell & Brandt, Ft. Lauderdale, Fla., for Robert F. Wilson, Inc.

Stephen A. Papy, Papy, Weissenborn & Papy, Coral Gables, Fla., for Ralph Hahn Associates Consulting & Designing Engineers, Inc.

Michael J. Kennedy, Peterson & Fogerty, P.A., West Palm Beach, Fla., for Peacock and Lewis Architects and Planners, Inc.

**ORDER**

GONZALEZ, District Judge.

THIS CAUSE has come before the court *sua sponte* upon review of the third-party claims filed by plaintiff Robert F. Wilson, Inc. against the third-party defendants Ralph Hahn & Associates ("Hahn") and Peacock and Lewis Architects and Planners Inc. ("Peacock"). This court has previously requested that the parties brief the issue of whether the court may maintain jurisdiction over the plaintiff's third-party claims. The parties have complied with the court's request and this Order follows.

A brief description of this action would be helpful. This action was filed in federal court on the basis of diversity of citizenship. 28 U.S.C. § 1332. The suit arises out of the construction of the Palm Beach County Administrative Complex in West Palm Beach, Florida. The parties before the court were all involved in some manner in the construction and/or design of the complex.

In its Complaint, Wilson seeks damages from the Batson–Cook Company ("Batson–Cook") for unpaid contract balances and for the additional costs and expenses arising from defective designs, active interferences and improper contract administration by Batson–Cook. Batson–Cook has filed third-party claims against the Haney–Clark Development Team ("Haney–Clark"), General Contractors of Florida and Hahn and Peacock seeking indemnification and contribution for any judgment awarded to Wilson. In addition, Batson–Cook seeks to recover damages from Hahn and Peacock for the additional costs and damages suffered by Batson–Cook by reason of Hahn's and Peacock's alleged defective design and improper administration of the project.

The claims in question were filed by Wilson against Peacock and Hahn as third-party claims pursuant to Fed.R.Civ.P. 14(a). Wilson seeks to recover for the additional costs and damages it suffered by reason of Hahn's and Peacock's alleged defective designs and improper administration of the project. Wilson also seeks indemnification and contribution from Peacock and Hahn for a jury verdict returned in state court against Wilson and in favor of parties not involved in this action. The state court lawsuit arose out of the same construction project which gave rise to this suit.

The court initially questioned its jurisdiction over Wilson's third-party claims when a review of the claims showed a lack of diversity of citizenship between Wilson and Peacock and Hahn. Wilson's third-party claim alleges that all three are citizens of Florida.

In its Brief in Support of Jurisdiction, Wilson contends that the court has actual diversity jurisdiction over Hahn in that Hahn is a Delaware corporation with its principal place of business in Illinois. Hahn has not responded to that allegation. Wilson also claims that this court has ancillary jurisdiction to adjudicate Wilson's claims against Peacock, who is a citizen of Florida. Wilson argues that dismissal of the claims "will not serve the interests of justice, but will merely require the parties to relitigate the identical issues in another forum."

Unfortunately, the convenience of the parties is not a proper basis for jurisdiction. *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 377, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). "Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship." *Id.*

Rule 14(a) of the Federal Rules of Civil Procedure provides, *inter alia,* that a "plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff...." Fed.R.Civ.P. 14(a). Wilson has complied with Rule 14(a) by filing its claims against the third-party defendants Hahn and Peacock. However, it is not enough that the plaintiff's claim against the third-party defendants arise out of a common nucleus of operative facts. *Id.* at 373, 98 S.Ct. at 2402. Congress must have expressly or impliedly provided jurisdiction over a particular claim. *Id.*

The United States Supreme Court has already considered whether the district courts may exercise jurisdiction over claims such as those in question herein. In *Owen Equipment,* 437 U.S. 365, 98 S.Ct. 2396, the plaintiff amended her complaint to add counts against the third-party defendant. The third-party defendant and the plaintiff were not diverse, and the Supreme Court held that plaintiff's claims against the third-party defendant destroyed the diversity jurisdiction.

The Court stated that "[a] plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations." *Id.* at 376, 98 S.Ct. at 2403–04. The court noted that to permit the plaintiff to add claims against the third-party defendant would destroy diversity just as surely as if she had sued him originally. *Id.* at 374, 98 S.Ct. at 2402–03. Although ancillary jurisdiction plays an important role in the administration of justice, "neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case." *Id* at 377, 98 S.Ct. at 2404.

It is clear, therefore, the plaintiff's claims against defendant Peacock may not stand. The court has the power, under Fed.R.Civ.P. 21, to dismiss any nondiverse party not indispensable to the action under Fed.R.Civ.P. 19. *See Fritz v. American Home Shield Corp.,* 751 F.2d 1152 (11th Cir.1985). A finding that the nondiverse party is not indispensable is necessary before the court may dismiss the party under

Rule 21. *Id.* at 1155. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The court lacks jurisdiction over Wilson's third-party claims against defendant Peacock. The court does have diversity jurisdiction over Wilson's third-party claims against Hahn.

2. The parties are invited to address the issue of whether Peacock is an indispensable party to Wilson's third-party claims against Hahn. Briefs addressing that issue shall be filed, if appropriate, within 20 days of the date of this Order.

3. If no brief are filed, the court will assume that Peacock is not indispensable to the third-party claims and will dismiss Peacock under Fed.R.Civ.P. 21.